In re VALUE–ADDED COMMUNICATIONS, INC., Debtor.

Charles BREWER, Trustee for the Value–Added Communications Liquidation Trust, Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Defendant.

Bankruptcy No. 395–36358–SAF–11. Adversary No. 397–3248.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Sept. 10, 1997.

---

may not approve a period that is longer than five years."

**6.** Other cases have reached similar conclusions: see *In re Sidelinger*, 175 B.R. 115, 119 (Bankr. D.Me.1994) ("The time for cure extends forward from the bankruptcy filing ... But it most certainly may not extend beyond the plan's term."); *In re Richards*, 151 B.R. 8, 18 (Bankr.D.Mass. 1993) ("Accordingly, prepetition mortgage arrearages must be paid in full and cured by payment within a reasonable time, namely within a maximum plan term of 60 months."); *In re Harmon*, 72 B.R. 458, 462 (Bankr.E.D.Pa.1987) (The

"curing of any default within a reasonable time is subject to the maximum plan repayment periods of three or five years as set forth in the Code, and the reasonable time for curing a default may not exceed five years under any circumstances.") (internal quotations omitted).

**7.** If the amended plan called for the remainder of the arrearages to be cured in a lump sum at the conclusion of the five year period, then the arrearages would be cured within the life of the amended plan. *See In re Endicott*, 157 B.R. 255, 262–63 (W.D.Va.1993).

**548**

Craig Averch, Neligan & Averch, L.L.P., Dallas, TX, for Charles Brewer.

Joe E. Marshall, Munsch, Hardt, Kopf, Harr & Dinan, P.C., Dallas, TX, for N.Y. State Dept. of Correctional Services.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Charles Brewer, trustee for the Value–Added Communications, Inc., Litigation Trust, seeks to recover preferential and post-petition transfers from the State of New York. The state moves to dismiss for lack of subject matter jurisdiction on the grounds of sovereign immunity. The court conducted a hearing on the motion on August 13, 1997.

The Supreme Court has decreed that the Eleventh Amendment to the United States Constitution stands for two presuppositions: first, "that each State is a sovereign entity in our federal system;" and, second, that "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996). But, Congress, in our federal system, may abrogate the States' immunity from suit. *Id.,* at 55–56, 116 S.Ct. at 1123. To determine whether Congress has abrogated the States' "sovereign immunity," the Supreme Court directs that two questions be addressed: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity' . . . and second, whether Congress has acted 'pursuant to a valid exercise of power.' " (citations omitted). *Id.*

Section 106(a) of the Bankruptcy Code provides: "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections . . . 547, 549, 550 . . ." Congress has unequivocally expressed its intent to abrogate the immunity for this suit.

But the State of New York contends that Congress did not enact § 106(a) pursuant to a valid exercise of power. New York asks this court to therefore set aside that provision of the Bankruptcy Code as unconstitutional. This court lacks the judi-

cial authority to declare an act of Congress unconstitutional. *See, e.g., In re Clay,* 35 F.3d 190 (5th Cir.1994). The United States Court of Appeals for the Fifth Circuit has not considered the constitutionality of § 106 since the Supreme Court's *Seminole Tribe* decision. However, the United States Court of Appeals for the Fourth Circuit has held "that Congress has no authority under the Bankruptcy Clause, U.S. Const. Art I, § 8, cl. 4, to abrogate state sovereign immunity in federal courts." *In re Creative Goldsmiths of Washington, D.C., Inc.,* 119 F.3d 1140, 1145 (4th Cir.1997). The Fourth Circuit declared § 106(a) to be unconstitutional and ineffective. *Id.* at 1146–47. This court is not aware of a decision by another Circuit Court finding the section to be enacted pursuant to a valid exercise of Congressional power. Whether this court agrees with the Fourth Circuit's analysis, under the hierarchical structure of the federal judiciary, this court applies the Fourth Circuit's decision.

Section 106(b) of the Bankruptcy Code provides: "A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." Under the Code, a governmental unit means "State; ... department, agency, or instrumentality of ... a State; ..." 11 U.S.C. § 101(27).

The State of New York through its Department of Public Service, Finance office, filed a proof of claim for priority payment of assessment fees emanating from the contractual relationship between the State of New York and Value–Added Communications, Inc. The trustee has now brought this adversary complaint seeking to recover transfers to the State of New York, Department of Correctional Services, made pursuant to that contractual relationship. The trustee contends that under § 106(b), the state is deemed to have waived sovereign immunity. The state contends that different governmental units acted, but, if the section applies, it is unconstitutional.

The section applies. Construction of the Bankruptcy Code is a holistic endeavor. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the statute as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357–58, 93 L.Ed.2d 216 (1986). Where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989).

Section 101(27) defines governmental unit to mean a state or a department, agency or instrumentality of a state. Section 106(b) addresses waiver of sovereign immunity. According to the Supreme Court, the state is the sovereign entity. *Seminole Tribe,* 517 U.S. at 53–55, 116 S.Ct. at 1122. Governmental unit as used in § 106(b), therefore, must refer to the sovereign, that is, the state. That reading of the two sections as a whole makes the provisions consistent and coherent.

Accordingly, the State of New York has filed a proof of claim for fees arising from a contractual relationship with the debtor. The State of New York under § 106(b) is, therefore, "deemed" to have waived its immunity from suit with respect to the bankruptcy estate's claim against the state to recover transfers made pursuant to that contractual relationship.

But, the Fourth Circuit held because § 106(b) amounts to a Congressional abrogation of the immunity from suit by virtue of the Code's declaration that the immunity is "deemed" to have been waived, that section too is unconstitutional. *Creative Goldsmiths,* 119 F.3d 1140, 1147–48. Nevertheless, the Circuit observed that other than the "deemed" waived language, the section "may correctly describe those actions that, as a matter of constitutional law, constitute a state's waiver of the Eleventh Amendment." *Id.*

The Fourth Circuit explained that a state may waive its constitutional immunity

from suit by a state statute or constitutional provision or by otherwise waiving its immunity to suit in the context of a particular federal program. A state may voluntarily initiate an action in federal court. When it does so, a defendant may assert its counterclaims against the state. "When a state authorizes its official voluntarily to invoke federal process in a federal forum, the state thereby consents to the federal forum's rules of procedure and may not invoke sovereign immunity to protect itself against the imposition of defenses to its action." *Id.* at 1148. Thus, when a state voluntarily files a proof of claim against a bankruptcy estate, the bankruptcy estate may assert claims for recovery against the state arising from the same contractual relationship. The situation amounts to a claim with a compulsory counterclaim. *Id.*

That is precisely the situation in this case. The State of New York and Value–Added Communications, Inc., entered a contractual relationship for the provision of telephone services to New York's Department of Correctional Services. The State of New York through its Department of Public Service, Finance Office, voluntarily filed a proof, of claim in the Value–Added Communications, Inc., bankruptcy case for fees arising from that contractual relationship. The State of New York had made demands to the debtor for payments. The debtor made certain transfers to the state, pre and post-petition. After the filing of the state's proof of claim, the bankruptcy estate asserted its claims for recoveries of the transfers made to the State of New York to its Department of Correctional Service pursuant to that contract but allegedly recoverable as a matter of federal law.

The State of New York does not contend that its Department of Public Service lacked the requisite state authority to have filed the proof of claim.

 The immunity from suit belongs to the state. When the state acts through its department, the waiver of the immunity from suit in federal court is the state's immunity. Regardless of the constitutionality of § 106, the State of New York has waived its immunity as a matter of constitutional law.

A finding of a waiver is consistent with the limitation on the judicial power of the United States imposed by the Eleventh Amendment. The Eleventh Amendment does not declare the states of the United States to be sovereigns. Indeed, that would be a constitutional non-sequitur to "We the People." U.S. Const., preamble. The Supreme Court recognized in *Seminole Tribe* that it understood the Eleventh Amendment "to stand not so much for what it says," but for certain presuppositions quoted above. 517 U.S. at 53–55, 116 S.Ct. at 1122. But the notion of a sovereign other than "the people" in our federal/state constitutional framework must be cautiously considered to refer to immunity from suit in federal court. That immunity, in turn, should be considered in the context of modern commercial transactions. The State of New York chose to contract in the marketplace for services. The state should therefore be subject to the same market factors, including federal laws, as any other entity enjoying the marketplace. For good or ill, bankruptcy proceedings are a part of our modern and, at present, expanding commercial marketplace. When asserting a proof of claim, that is, a right to payment from a bankruptcy estate, a state should be subject to the same forces as any other entity asserting a right to payment against the bankruptcy estate, including causes of action under the Bankruptcy Code for avoidable transfers arising from the same underlying contract that supported the proof of claim. A waiver of immunity from suit under those circumstances cannot run afoul of the Eleventh Amendment and the federal system it intended to preserve. The state chose to contract in interstate commerce for services. The state chose to file a proof of claim in the bankruptcy proceeding of the entity it contracted with.

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.